# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

JOAN M. CAREY,  )
                Plaintiff  )
                v.  )   **Civil Action No.:**
                  )   **COMPLAINT AND DEMAND FOR JURY TRIAL**
PORTFOLIO RECOVERY ASSOCIATES, LLC, a wholly-owned subsidiary of PORTFOLIO RECOVERY ASSOCIATES, INC.,  )   **(Unlawful Debt Collection Practices)**
                Defendant  )

## **COMPLAINT**

JOAN M. CAREY ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC, a wholly-owned subsidiary of PORTFOLIO RECOVERY ASSOCIATES, INC. ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction over the federal claims contained therein.

3. Defendant conducts business in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Middleboro, Massachusetts 02346.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Portfolio Recovery Associates, Inc., through its wholly-owned subsidiary, Portfolio Recovery Associates, LLC, purchases, manages and collects debts.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant sought to collect a consumer debt.

12. The alleged debt, a Victoria's Secret store credit card, arose out of transactions, which were primarily for personal, family, or household purposes.

13. Beginning in May 2013, and continuing through July 2013, Defendant contacted Plaintiff on her home and cellular telephone in its attempts to collect a consumer debt.

14. Defendant contacted Plaintiff with such frequency that she would receive, on average, two (2) collection calls a day, resulting in Plaintiff receiving more than ten (10) collection calls a week from Defendant.

15. When calling Plaintiff, Defendant used a pre-recorded, automated message, which did not allow the recipient to speak with a live person.

16. It was unfair to Plaintiff to answer Defendant's calls and receive pre-recorded messages which did not allow her to speak with a live person.

17. In addition to calling Plaintiff, Defendant sent written correspondence seeking and demanding payment of the alleged debt.

18. Specifically, on May 1, 2013, Defendant sent correspondence identifying the original creditor as "Comenity Bank Formerly Known As World

Financial Network Bank." See Exhibit A, Defendant's May 1, 2013, letter to Plaintiff.

19. Defendant falsely identified the original creditor, as there was no credit institution formerly in existence with the name "World Financial Network Bank." See Exhibit A.

20. Rather, the true name of the institution was "World Financial Network National Bank."

21. Upon information and belief, Defendant falsely identified the name of the creditor to confuse and mislead Plaintiff.

22. Then, on July 11, 2013, Defendant again sent correspondence to Plaintiff seeking and demanding payment of the alleged debt. See Exhibit B, Defendant's July 11, 2013, letter to Plaintiff.

23. Once again, Defendant falsely identified the original creditor as "Comenity Bank Formerly Known As World Financial Network Bank." See Exhibit B.

24. Defendant approved and authorized the May 1, 2013, and July 11, 2014, letters to Plaintiff.

25. By sending Plaintiff two letters, both falsely identifying the name of creditor, Defendant actions were intentional and as a result of not having any internal procedures and/or processes in place to avoid and/or correct such false

statements.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

26. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

## COUNT I

a. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it called Plaintiff, on average, twice a day, almost every day, for three months, having the intent to annoy, abuse and harass her.

- 5 -

PLAINTIFF'S COMPLAINT

## COUNT II

a. A debt collector violates § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

c. Here, Defendant violated §§ 1692e and 1692e(10) of the FDCPA by falsely identifying the name of the creditor in its letters to Plaintiff.

## COUNT III

a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including making repeated calls using an automated/pre-recorded message which did not allow Plaintiff to speak with a live person.

WHEREFORE, Plaintiff, JOAN M. CAREY, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOAN M. CAREY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED:  May 5, 2014            BY:  */s/ Craig Thor Kimmel*

    CRAIG THOR KIMMEL
    BBO# 662924
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888 ext. 148
    Fax: (877) 788-2864
    Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT